BERNABÉ VALENTÍN, en representación de su hijo menor SAMUEL VALENTÍN, demandante y recurrente, *v.* FIDENCIO JAIME y ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandados y recurridos.

*Número:* 231    *Resuelto:* 13 de diciembre de 1962

*Faustino R. Aponte,* abogado del recurrente; *J. B. Fernández Badillo, Procurador General,* y *Arturo Estrella, Procurador General Auxiliar,* abogados de los recurridos.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El día 23 de agosto de 1956, durante la construcción de una obra pública, ocurrió un accidente resultando lesionado el menor de 13 años de edad Samuel Valentín, por cuyo

accidente tal vez pueda responsabilizarse al Estado Libre Asociado de Puerto Rico y a su maestro de obras Fidencio Jaime. La demanda a nombre del menor fue radicada por el padre de éste el día 4 de junio de 1958, cerca de dos años después de haber ocurrido el accidente. El Estado Libre Asociado de Puerto Rico solicitó la desestimación por estar prescrita la acción y la ilustrada Sala sentenciadora desestimó la acción por ser evidente que "la demanda se radicó mucho después de haber pasado el año durante el cual pudo haberse ejercitado la causa de acción" y no ser susceptible de enmienda la demanda. Tal conclusión, tratándose de la acción de un menor, es errónea: *Márquez* v. *Tribl. Superior*, 85 D.P.R. 559 (1962), cita precisa a la pág. 562.

Solicitada la reconsideración a base del Art. 40 del Código de Enjuiciamiento Civil que dispone: "Si la persona con derecho a ejercitar una acción, que no sea la reivindicatoria de propiedad inmueble, fuese al tiempo de nacer la causa de acción: menor de edad . . . el tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción", parece que la ilustrada Sala sentenciadora estuvo conforme en reconsiderar su sentencia, pero habiéndose expedido auto de revisión por este Tribunal antes de su actuación en este sentido, el caso se encuentra ante nos, y en realidad de verdad, el Estado Libre Asociado de Puerto Rico, ahora resulta ser el recurrente.

En esta revisión, El Estado Libre Asociado de Puerto Rico alega que: Al ocurrir los hechos sobre los que se basa la demanda—23 de agosto de 1956—estaba en vigor la Ley Número 104 de 29 de junio de 1955, que es la que autoriza las reclamaciones y demandas contra el Estado y enmienda el Art. 1803 del Código Civil, en el sentido, que el Estado es responsable por los daños causados por aquellas personas de las cuales se deba responder en las mismas circunstancias y condiciones en que sería responsable una persona par-

ticular, deroga la Ley Número 76 de 13 de abril de 1916 dispone la vigencia en cuanto a casos pendientes, etc., cuyo Artículo 8 además dispone: "Regirá para las acciones aquí autorizadas los términos prescriptivos fijados en las leyes aplicables. La sentencia contra el Estado no incluirá en ningún caso el pago de intereses por período alguno anterior a la sentencia ni concederá daños punitivos. La imposición de costas se regirá por el procedimiento ordinario. *Las disposiciones de esta ley serán aplicables solamente a las causas de acción que surjan con posterioridad a su vigencia.* El Estado, con la aprobación del Tribunal, podrá transigir cualquier reclamación en su contra una vez se haya comenzado la acción. . ."

El Art. 8 de la Ley 104 de 29 de junio de 1955 fue enmendado por la Ley Número 30 de 11 de junio de 1957 que dispone: "Regirán para las acciones aquí autorizadas los términos prescriptivos fijados en las leyes aplicables. La sentencia contra el estado no incluirá en ningún caso el pago de intereses por período alguno anterior a la sentencia ni concederá daños punitivos. La imposición de costas se regirá por el procedimiento ordinario. El estado, con la aprobación del tribunal podrá transigir cualquier reclamación en su contra una vez se haya comenzado la acción.

"Las disposiciones de esta ley serán aplicables únicamente a causas de acción surgidas a partir del 29 de junio de 1954. Las demandas basadas en hechos ocurridos entre el 29 de junio de 1954 y el 28 de junio de 1955, deberán radicarse en o antes del 30 de junio de 1959, sin perjuicio de lo dispuesto en el Artículo 40 del Código de Enjuiciamiento Civil de Puerto Rico. Los procedimientos judiciales basados en dichos hechos ya incoados continuarán tramitándose hasta su terminación de acuerdo con la legislación vigente a la fecha de su radicación."

La interpretación que le da, el Estado Libre Asociado de Puerto Rico, a esta última enmienda es la siguiente: "Es

clara la disposición de la ley en el sentido de que el Art. 40 del Código de Enjuiciamiento Civil de Puerto Rico, en que se ampara el peticionario, sólo se hace aplicable expresamente en el caso de acciones contra el Estado cuando las demandas contra éste están basadas 'en hechos ocurridos entre el 29 de junio de 1954 y el 28 de junio de 1955'. Habiendo ocurrido los hechos en que basa su demanda el peticionario el 23 de agosto de 1956, es por demás frívola su pretensión de ampararse en la excepcional disposición del párrafo que al Artículo 8 de la Ley 104 adicionó la Ley Núm. 30 de 11 de junio de 1957 y el cual permite la interrupción de la prescripción contra el Estado, conforme a lo dispuesto en el Artículo 40 del Código de Enjuiciamiento Civil."

El problema que creó la Ley 104 de 29 de junio de 1955, al derogar la Ley Número 76 de 13 de abril de 1916, menos en cuanto a los procedimientos judiciales ya pendientes, —Art. 11—, fue abolir toda autoridad para demandar al Estado, aunque fuera en la forma limitada que lo permitía la citada Ley Número 76 de 13 de abril de 1916. Esto dejaba sin remedio las causas de acción originadas entre el 29 de junio de 1954 y el 28 de junio de 1955, que no estuvieran ya radicadas en los tribunales, pues a partir del 29 de junio de 1955, regía la Ley Número 104 cuyas disposiciones autorizaban las acciones contra el Estado surgidas con posterioridad a su vigencia, o sea, al 29 de junio de 1955, pero no autorizaba las acciones surgidas antes de la fecha de vigencia, a menos que estuvieran ya radicadas en los tribunales.

La exposición de motivos de la Ley Número 30 de 11 de junio de 1957 es clara en este sentido; dice: "La Ley Núm. 104 de 29 de junio de 1955 dispone en su artículo 8 que *será aplicable solamente a las causas de acción que surjan con posterioridad a su vigencia,* lo que deja fuera de su alcance casos ocurridos con relativa proximidad a la fecha de aprobación de la referida ley, mientras conforme a lo dis-

puesto en el Código Civil, el perjudicado siempre tiene un cierto período para entablar la acción correspondiente. [P] La Asamblea Legislativa desea hacer extensivas las disposiciones de la Ley antes mencionada, no sólo a las causas de acción surgidas después de su vigencia, sino también a hechos ocurridos durante el año anterior a esa fecha. Esta autorización es evidentemente más equitativa a la concesión de autorizaciones especiales en casos particulares."

Es indudable que la norma reparadora que representa el Art. 40 del Código de Enjuiciamiento Civil, extendiendo el término prescriptivo de las acciones de menores hasta que éstos lleguen a su mayoridad, está incluído en la primera disposición del Art. 8 de la Ley Número 104 de 29 de junio de 1955, que dice: "Regirán para las acciones aquí autorizadas los términos prescriptivos fijados en las leyes aplicables. . ." Como es sabido, el Art. 40 no es una estructura flotante en nuestro Derecho, hijo de la inadvertencia, sin razón de ser entre las prescripciones reparadoras de nuestro ordenamiento civil, sino que venía a suplir el hueco que dejaba la eliminación de la segunda disposición (subrayada) del Art. 1932 del Código Civil Español (1832 nuestro) que disponía: "Los derechos y acciones se extinguen por la prescripción en perjuicio de toda clase de personas, inclusas las jurídicas, en los términos prevenidos por la Ley. [P] *Queda siempre a salvo a las personas impedidas de administrar sus bienes el derecho para reclamar contra sus representantes legítimos cuya negligencia hubiese sido causa de la prescripción.*"

Si se examina la enmienda al Art. 8 de la Ley 104 realizada por la Ley Número 30 de 11 de junio de 1957, se ve claramente que su propósito es "autorizar ciertas reclamaciones y demandas adicionales contra el estado", —según reza su título—en un período de tiempo no cubierto por la Ley 104, y más bien vedado por la derogación expresa de la Ley de 1916, y, en este sentido se trata de una disposición

transitoria para cubrir un período de tiempo definido, que en nada altera los contenidos legislativos de la Ley 104.´ La inclusión expresa que se hace del Art. 40 del Código de Enjuiciamiento Civil de Puerto Rico en la Ley Número 30 de 11 de junio de 1957 que es la que enmienda en cuanto a término adicional definido la Ley 104, obedece a que si así no se hubiera hecho, el grupo de casos que hubieran podido trascender del período cubierto por la enmienda, como son las acciones de daños surgidas durante la minoridad, hubieran quedado excluídas. ■

No hay duda que en cuanto a acciones entre ciudadanos particulares, el Art. 40 del Código de Enjuiciamiento Civil empezó a regir desde el 1904—*Ibáñez* v. *Diviñó*, 22 D.P.R. 518 (Aldrey), (1915), cita precisa a las págs. 521–522. No hay duda que en cuanto a acciones de ciudadanos particulares todavía está vigente: *Márquez* v. *Tribl. Superior*, supra. Casualmente el propósito que persiguió la enmienda al Art. 1803, sobre la obligación de responder por los daños causados por aquellas personas de quienes se debe responder, contenida en el Art. 10 de la Ley 104 fue equiparar la responsabilidad del Estado a la del ciudadano particular. La letra de la ley es clara: "El Estado es responsable en este concepto en las mismas circunstancias y condiciones en que sería responsable un ciudadano particular."

*Siendo esto así, es indudable el error de la ilustrada Sala sentenciadora al desestimar la demanda contra el Estado por el fundamento de estar prescrita.*