Jaimar David Pérez Aguirre, demandante y recurrente, *v.* Estado Libre Asociado de Puerto Rico, demandado y recurrido.

*Número:* RE-94-605          *Resuelto:* 21 de abril de 1999

*Álvaro R. Calderón, Jr.,* del *Bufete Álvaro R. Calderón, Jr.,* abogado del recurrente; *Carlos Lugo Fiol, Procurador General,* y *María Adaljisa Dávila, Procuradora General Auxiliar,* abogados de El Pueblo.

## SENTENCIA

Nos enfrentamos a la situación de una demanda radicada por alegada impericia médica contra el Estado Libre Asociado de Puerto Rico y otros por una persona, el demandante Jaimar David Pérez Aguirre, *dentro* del año de éste haber cumplido la mayoría de edad, en la cual se alega que el demandante sufrió daños físicos y neurológicos al nacer, producto los mismos, de manera principal, de la mencio-

nada impericia de los facultativos médicos del Hospital de Distrito de Ponce.

El Estado radicó una solicitud de sentencia sumaria en la que alegó procedía la desestimación de la demanda radicada por razón de que ni el demandante, ni sus padres, ni ninguna otra persona, habían cumplido con el requisito que establece el Art. 2A de la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3077a,[1] la cual requiere que se le notifique al Secretario de Justicia de Puerto Rico, dentro del término de noventa (90) días, de la intención y propósito de demandar al Estado.

No obstante la fundada oposición del demandante, el extinto Tribunal Superior de Puerto Rico, Sala de Ponce, dictó *sentencia parcial* desestimando la demanda en cuanto al Estado Libre Asociado de Puerto Rico.

En desacuerdo con dicha determinación judicial, la parte demandante radicó el correspondiente recurso de revisión ante este Tribunal. En dicho recurso le imputó al foro de instancia el siguiente error:

"Erró el Tribunal de Instancia al desestimar la demanda por el fundamento de que la parte demandante no notificó al Secretario de Justicia su reclamación en contra el ELA, de conformidad con la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. [sec.] 3077(a), sin tomar en consideración las particularidades y características de este caso."

Examinado el recurso radicado, emitimos orden de mostrar causa. El Estado ha comparecido. Estando en posición de resolver el recurso radicado, procedemos a así hacerlo.

I

Procede resolver según lo intimado en la orden de mostrar causa emitida.

---

[1] Ley Núm. 104 de 29 de junio de 1955 (32 L.P.R.A. sec. 3077 *et seq.*), según enmendada por la Ley Núm. 121 de 24 de junio de 1966.

El Art. 40 del Código de Enjuiciamiento Civil de 1933 (32 L.P.R.A. sec. 254) establece que, durante la minoridad, no corre la prescripción. Por otro lado, el Art. 2A(d) de la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3077a(d), impone al menor la obligación de notificar, dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que se reclaman, al Secretario de Justicia su intención de demandar.

La limitación impuesta por el *requisito procesal* de notificación a la norma sustantiva —que dispone que la prescripción no transcurre durante la minoridad— *no* puede prevalecer. Esto, pues, ante la existencia de dos (2) disposiciones que no pueden armonizarse, *la procesal tiene que ceder.*

Además, el caso de autos presenta el agravante de que la notificación a realizarse era un requisito que el recién nacido estaba imposibilitado de cumplir. Si a esto añadimos el hecho de que los trágicos eventos acaecieron en un hospital público —por lo que la información relacionada con la causa de acción se encuentra en poder del Estado— tenemos que concluir que erró el Tribunal de Primera Instancia al desestimar la demanda de epígrafe. *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740, 756 (1992); *Meléndez Gutiérrez v. E.L.A.*, 113 D.P.R. 811, 815 (1983).

Por los fundamentos anteriormente expuestos, *se dicta sentencia revocatoria de la sentencia parcial emitida por el antiguo Tribunal Superior de Puerto Rico, Sala de Ponce, desestimando la demanda incoada contra el Estado y se devuelve el caso a dicho foro para la continuación de procedimientos compatibles con lo aquí resuelto.*

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Rebollo López emitió una opinión concurrente. El Juez Asociado Señor Negrón García concurrió en el resultado bajo la excepción estatutaria de justa causa. El trasfondo fáctico que presenta el recurso amerita su aplicación. El Juez Asociado

Señor Fuster Berlingeri concurrió en el resultado sin opinión escrita. Los Jueces Asociados Señora Naveira de Rodón y Señor Corrada Del Río disintieron sin opinión escrita.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*

— O —

Opinión concurrente emitida por el Juez Asociado Señor Rebollo López.

Nos encontramos hoy ante la difícil tarea de atemperar dos (2) disposiciones un tanto incongruentes: (1) el requisito de notificación que impone, de forma alternativa a los menores, la Ley de Reclamaciones y Demandas contra el Estado (¹) y (2) la norma de que el término prescriptivo no transcurre durante la minoridad.(²)

Somos del criterio de que, en situaciones como las de autos, el requisito de notificación que impone la Ley de Reclamaciones y Demandas contra el Estado,(³) *no* puede obstruir el derecho sustantivo, imperante en nuestro ordenamiento, de que la prescripción no "corre" durante la minoridad.

I

Jaimar David Pérez Aguirre llegó al mundo el 31 de julio de 1972. Más de dos (2) décadas más tarde, el 29 de julio de 1994, Pérez Aguirre, luego de advenir a la mayoría de edad, radicó demanda en contra del Estado Libre Asociado (el Estado) y otras partes cuyos nombres se desconocían en ese momento. En lo pertinente, Pérez Aguirre alegó

---

(¹) 32 L.P.R.A. sec. 3077a.

(²) Art. 40 del Código Enjuiciamiento Civil, 32 L.P.R.A. sec. 254.

(³) 32 L.P.R.A. sec. 3077a(a).

haber sufrido severos daños físicos y neurológicos producto de la supuesta impericia profesional de los médicos y funcionarios del Hospital de Distrito de Ponce que atendieron a su señora madre durante el proceso de alumbramiento que culminó con su nacimiento. *Nótese que Pérez Aguirre presentó su reclamación dentro del año de advenir a la mayoría de edad.*

En la demanda, Pérez Aguirre reconoció que no había notificado al Secretario de Justicia.([4]) Argumentó el demandante que esa omisión no debía ser óbice para la ventilación del pleito porque, alegadamente, no hubo perjuicio sustancial contra el Estado, ya que los hechos ocurrieron en un hospital público y toda la información necesaria y pertinente se encontraba en manos de aquél.

Por su parte, el Estado solicitó del tribunal de instancia que dictase sentencia sumaria a su favor o que desestimara el pleito por razón de la falta de notificación requerida por nuestro ordenamiento jurídico. La representación legal de Pérez Aguirre se opuso. Recalcó que el Estado no había sufrido, ni demostrado, perjuicio sustancial por la falta de notificación. Además, indicó que la omisión "ocurrió por tratarse de personas *pobres e ignorantes* que estuvieron luchando con un hijo con daño cerebral debido a la negligencia de los médicos del Estado Libre Asociado".([5]) (Énfasis suplido.)

Ante este cuadro, el tribunal señaló una vista para escuchar los planteamientos de las partes. Celebrada la vista, el antiguo Tribunal Superior, Sala de Ponce, dictó sentencia parcial *desestimando* la demanda incoada contra el Estado.

Inconforme, compareció Pérez Aguirre ante este Tribunal solicitando la revocación del dictamen. Le atribuye al

---

([4]) Esto, según lo requiere el Art. 2A(a) de la Ley Núm. 121 de 24 de junio de 1966, el cual enmendó la Ley Núm. 104 de 29 de junio de 1955, conocida como Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3077a.

([5]) Oposición a Moción de Desestimación y/o Sentencia Sumaria.

foro de instancia haber errado al desestimar la acción, pues, alegadamente, puede eximirse del requisito de notificación en "circunstancias especiales" como las presentes en el caso de autos. Ordenamos a los demandados recurridos que mostraran causa por la cual este Tribunal no debía expedir el auto de *certiorari* solicitado y dictar sentencia revocatoria de la sentencia recurrida. En cumplimiento de dicha orden, ha comparecido el demandado recurrido.

Concurrimos con la sentencia emitida por el Tribunal que revoca el dictamen del foro de instancia desestimatorio de la demanda radicada contra el Estado. Veamos por qué.

## II

El demandante recurrente admite que no cumplió con el requisito de notificación. Argumenta que nos encontramos en presencia de las *circunstancias especiales* que justifican la exención de dicho requisito. En su comparecencia ante este Foro identifica como circunstancias especiales las siguientes: (a) "la prueba consta en los récords médicos que obran en el Hospital" y (b) "los testigos en el caso son fundamentalmente los médicos, enfermeras y demás funcionarios de esa entidad hospitalaria". Plantea que tanto la evidencia como los testigos son de fácil acceso al Estado pues el hospital le pertenece a éste y, en la alternativa, si el personal ya no labora para el Estado, éste tiene los medios para hallarlos.

Por otro lado, indica el demandante recurrente que es inmaterial el hecho de que hayan transcurrido más de veinte (20) años desde la ocurrencia del alegado acto culposo o negligente. De hecho, sostiene que, ante la omisión de notificación, no hay diferencia entre el transcurso de seis (6) meses o veinte (20) años pues, a su juicio, lo importante es si el Estado ha sufrido un perjuicio sustancial. Por último, añade que el Estado no ha demostrado qué perjuicio sustancial ha sufrido por la falta de notificación. En fin,

reclama nuestra "interpretación liberalizadora" en este caso.

La Ley de Reclamaciones y Demandas contra el Estado permite que el Estado responda por los actos y las omisiones de los funcionarios en las mismas circunstancias y condiciones en que sería responsable un ciudadano particular, siempre y cuando se cumpla con las condiciones que impone la propia ley. Una de esas condiciones es el requisito de notificación. Las reclamaciones contra el Estado, por daños causados por culpa o negligencia de éste, deberán presentarse al Secretario de Justicia, mediante notificación escrita, en la que se hagan constar ciertos datos exigidos por la ley.

Este Tribunal ha expresado que los propósitos del requisito de la notificación previa son:[6]

> 1. proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación; 2. desalentar las reclamaciones infundadas; 3. propiciar un pronto arreglo de las mismas; 4. permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; 5. descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6. advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y, 7. mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado.[7]

El requisito de notificación sirve el propósito de avisar al Gobierno de que, probablemente, ha surgido una causa de acción por daños y perjuicios en su contra. Esto, con el propósito de que " 'pueda activar sus recursos de investiga-

---

[6] *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740 (1992); *Mangual v. Tribunal Superior*, 88 D.P.R. 491, 494 (1963).

[7] En dicha notificación, hay que incluir la siguiente información: la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia. Art. 2A(a) de la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3077a(a).

ción prontamente, antes [de] que desaparezcan los testigos y las pruebas objetivas en orden a la preparación de una adecuada defensa contra la reclamación o una transacción adecuada de la misma, cuando proceda' ".[8] (Énfasis suprimido.)

De otra parte, la mencionada notificación debe presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama.[9] Siendo la notificación un requisito de *estricto cumplimiento*, el tribunal queda liberado "de un automatismo dictado por el calendario y salva su fundamental facultad para conocer del caso y proveer justicia según lo ameriten las circunstancias".[10] (Énfasis suprimido.) Ahora bien, la notificación escrita, en la forma y manera requeridas y dentro de los plazos prescritos anteriormente, es *requisito de cumplimiento estricto* para iniciar acción judicial contra el Estado por daños causados por su culpa o negligencia, a menos que haya mediado *justa causa* en el incumplimiento de los requisitos señalados previamente.[11]

La ley contempla un sinnúmero de situaciones en torno al aspecto de la notificación. Específicamente, *en el caso de menores de edad*, la ley le impone la responsabilidad principal a los padres o tutores y, en la alternativa, la ley dispone que *podrá hacerlo el menor*.[12] Por último, se esta-

---

[8] *Romero Arroyo v. E.L.A.*, 127 D.P.R. 724, 734 (1991), citando a *Rivera de Vincenti v. E.L.A.*, 108 D.P.R. 64, 69 (1978); además, véase el Informe de la Comisión de lo Jurídico sobre el P. de la C. 492.

[9] Art. 2A(c) de la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3077a(c); *Rolón Rivera v. E.L.A.*, 105 D.P.R. 7, 8 (1976).

[10] *Romero Arroyo v. E.L.A.*, ante, pág. 735, citando a *Loperena Irizarry v. E.L.A.*, 106 D.P.R. 357, 359–360 (1977).

[11] Art. 2A(e) de la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3077a(e).

[12] El Art. 2A(d) de la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3077a(d). Este inciso establece que:

"Si el perjudicado fuere un menor de edad, o fuere persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, vendrá obligado a notificar la reclamación dentro de los noventa (90) días

blece que, cuando se cumpla con el requisito de notificación, el término para iniciar la acción es el que dispone la ley, como se ha expresado anteriormente.

Por otro lado, no hay duda de que la norma que extiende el término prescriptivo de las acciones de menores, hasta que éstos lleguen a su mayoridad, aplica igualmente a las reclamaciones autorizadas por la Ley de Reclamaciones y Demandas contra el Estado. Esto en virtud del Art. 8 de dicha Ley, 32 L.P.R.A. sec. 3083.([13]) Véase *Valentín v. Jaime*, 86 D.P.R. 774, 778 (1962).

Así, el Art. 40 del Código de Enjuiciamiento Civil de 1933,([14]) en lo pertinente, dispone que

[s]i la persona con derecho a ejercitar una acción, que no sea la reivindicatoria de propiedad inmueble, fuese al tiempo de nacer la causa de la acción:

(1) *menor de edad*; o

. . . . . . . . .

el tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción. (Énfasis suplido.)

El requisito de notificación antes discutido *está en conflicto* con las disposiciones del citado artículo 40. De una parte, nuestro derecho sustantivo preceptúa que el término prescriptivo no transcurre durante la minoridad. De

---

siguientes a la fecha en que tuvo conocimiento de los daños que reclama. Lo anterior no será obstáculo para que el menor, o la persona sujeta a tutela, haga la referida notificación, dentro del término prescrito, a su propia iniciativa, si quien ejerce la patria potestad o custodia, o tutela, no lo hiciere."

([13]) Este artículo dispone que:

"[r]egirán para las acciones aquí autorizadas los términos prescriptivos fijados en las leyes aplicables. La sentencia contra el Estado no incluirá en ningún caso el pago de intereses por período alguno anterior a la sentencia ni concederá daños punitivos. La imposición de costas se regirá por el procedimiento ordinario. El Estado, con la aprobación del tribunal, podrá transigir cualquier reclamación en su contra una vez que se haya comenzado la acción.

"La sentencia que se dicte en cualquier acción autorizada por las secs. 3077 *et seq.* de este título impedirá toda otra acción por parte del reclamante, por razón de la misma cuestión o materia, contra el funcionario, agente o empleado cuyo acto u omisión dio origen a la acción; y la sentencia contra el funcionario, agente o empleado impedirá igualmente toda acción contra el Estado." 32 L.P.R.A. sec. 3083.

([14]) 32 L.P.R.A. sec. 254.

otra, la Ley de Reclamaciones y Demandas contra el Estado impone al menor, de forma alternativa, el requisito de que notifique al Estado su reclamación. Poner en vigor este requisito conllevaría, en la práctica, derrotar el derecho sustantivo concebido en el Art. 40 del Código de Enjuiciamiento Civil, ante.[15]

El aludido requisito de notificación impuesto al menor, más que oneroso, es irracional. No merece otro adjetivo exigir a un recién nacido que, en casos como el de autos, al cumplir tres (3) meses de nacido, o sea, noventa (90) días, curse una carta al Secretario de Justicia indicándole su intención de reclamar. Flaco servicio haríamos si permitimos que el requisito de notificación obstruya el derecho sustantivo del menor a recobrar por unos daños que alegadamente le causó el Estado. Nuestras expresiones sobre el deber de librarnos "de un automatismo dictado por el calendario ... y proveer justicia según lo ameriten las circunstancias"[16] no constituyen pura retórica; una vez más, la conciencia nos impone nuestro deber: hacer justicia.

Hemos expresado que el deber de *parens patriae* del Estado le faculta para tomar medidas encaminadas a proteger al menor, custodiarlo y supervisarlo, facultades que, paralelamente, son compartidas con sus padres, encargados o tutores. Coexistencial con dichas facultades, el Estado, llamado a servir de guardián de nuestros niños, no puede, mediante un mecanismo procesal, despojarlos del derecho sustantivo que —otorgado por el propio Estado— permite la reparación de un agravio. Ante la omisión de sus padres o encargados, el Estado, en su deber de *parens patriae*, viene obligado a proteger a los menores y no a darle la espalda reafirmando un requisito imposible de cumplir.

*El ser humano, que viene a la vida con el destino que le señale*

---

[15] Íd.

[16] *Romero Arroyo v. E.L.A.*, ante.

*su propia naturaleza, tiene un derecho a la existencia y al desarrollo de la misma según sus facultades*; es decir, tiene un derecho absoluto a su conservación. En la organización actual de la familia y de la sociedad se halla impuesta, *primero a los parientes y después al Estado*, la obligación de proveer a dicha necesidad; *y cada uno en su caso está en el deber de procurar al que por sí no podría cumplir dicho fin, los medios necesarios para su conservación y desarrollo*: deber altamente social, que no depende de la voluntad del que le tiene, sino que se impone a todos como una de las condiciones necesarias de la vida progresiva de la humanidad. (Énfasis suplido.)([17])

Sería una burla a los derechos que tanto el Código Civil como el Código de Enjuiciamiento Civil le reconocen a los menores si resolviésemos que dichos derechos quedan supeditados al requisito de notificación. Por un lado, nuestro ordenamiento dispone que el término prescriptivo —derecho sustantivo— no transcurre durante la minoridad;([18]) mientras que el requisito de notificación —derecho procesal— le impone el deber a un infante de que notifique su reclamación. Debemos recordar que las reglas y leyes procesales no tienen vida propia, sólo existen para hacer viable la consecución del derecho sustantivo de las partes.([19]) Un precepto sustantivo no puede sucumbir ante una disposición procesal.

Lo aquí resuelto es consistente con nuestros pronunciamientos en beneficio de los menores. Así, por ejemplo, hemos expresado que no corre contra los menores el término prescriptivo de cinco (5) años que se provee para instar una acción en cobro de pensiones alimentarias atrasadas. *Rodríguez Avilés v. Rodríguez Beruff*, 117 D.P.R. 616, 626

---

([17]) *Rodríguez v. Depto. Servicios Sociales*, 132 D.P.R. 617, 630 (1993), citando a J.M. Manresa y Navarro, *Comentarios al Código Civil Español*, Madrid, Ed. Reus, 1956, Vol. I, págs. 782–783.

([18]) *De Jesús v. Chardón*, 116 D.P.R. 238, 250 *et seq.* (1985); *Ibáñez v. Diviñó*, 22 D.P.R. 518 (1915).

([19]) *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807, 816 (1986), interpretando las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III.

(1986).[20] Asimismo, en el pasado, hemos expresado que "el propósito de la excepción en cuanto a menores es proteger los intereses de los incapaces hasta el momento en que adquieren la capacidad jurídica necesaria para hacer valer sus derechos".[21] En la práctica, no pueden protegerse de otra forma los intereses de los menores si el requisito de notificación degollara su derecho a incoar una causa de acción por la culpa o negligencia del Estado.

Aunque existe un nexo racional entre el requisito de notificación y el interés legítimo de "poner sobre aviso al Gobierno de que ha surgido una probable causa de acción por daños en su contra de modo que pueda activar sus recursos de investigación prontamente",[22] su imposición, *en casos como el de marras*, es claramente arbitraria. Respaldar la imposición del requisito de notificación en casos como el de autos sería un rigor desmedido.[23] "La ley es un instrumento de la justicia, y no viceversa." *Jordán-Rojas v. Padró-González*, 103 D.P.R. 813, 815 (1975). Si bien es cierto que reglas como la de la notificación están fundamentadas en consideraciones de orden público; esto es, que el Estado no debe estar sujeto indefinidamente a ser demandado, cuando este principio choca con la norma de que la prescripción no opera durante la minoridad, debe prevalecer la norma que tiende a proteger los intereses de los incapacitados. Sobre el particular, véase *Márquez v. Tribunal Superior*, ante, pág. 562.

En fin, somos del criterio que existe justa causa cuando el requisito de notificación, cuya responsabilidad alterna-

---

[20] Nótese que, según lo dispone el mismo Art. 40 del Código de Enjuiciamiento Civil, ante, sólo en las acciones para reclamar propiedad inmueble, la prescripción corre contra menores de edad. *Gómez v. Marques*, 81 D.P.R. 721 (1960).

[21] *Márquez v. Tribl. Superior,* 85 D.P.R. 559, 562 (1962).

[22] *Romero Arroyo v. E.L.A.*, ante, pág. 734.

[23] En *López v. Autoridad de Carreteras*, 133 D.P.R. 243 (1993), declaramos nuestro repudio a ese tipo de aplicación del término. Esto, mientras interpretábamos el término de noventa días establecido en la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 que contiene una disposición análoga a la aquí interpretada.

tiva recae en el menor, resulta imposible de cumplir por razones fuera del control del acreedor del derecho. No podemos permitir que, en casos como el de autos, un menor sea penalizado, *bajo el pretexto de un derecho procesal*, por las omisiones de sus progenitores. Precisamente, la norma de que la prescripción de las acciones no corre contra los menores y los incapacitados los protege contra la posible negligencia del padre o tutor. *Rodríguez Avilés v. Rodríguez Beruff*, ante, págs. 625–626. Además, como indicáramos anteriormente, sería absurdo requerir a un menor de edad notificar por cuenta propia. En consecuencia, la negligencia de sus padres no puede afectar a los menores.[24]

Por los fundamentos que anteceden, es que concurrimos con la sentencia emitida por el Tribunal, revocatoria de la sentencia parcial dictada por el antiguo Tribunal Superior de Puerto Rico, Sala de Ponce, desestimando la demanda radicada contra el Estado; resultando procedente, en consecuencia, que se devuelva el caso a dicha sala para la continuación de procedimientos ulteriores.

---

[24] *De Jesus v. Chardón*, ante, pág. 253, citando a H.L. Mazeaud y J. Mazeaud, *Lecons de Droit Civil*, 6ta ed., París, Ed. Montchrestien, 1978, T. 2, Vol. 1, pág. 1165–1167.