En el Tribunal Supremo de Puerto Rico

| JAIMAR DAVID PEREZ AGUIRRE<br>      Demandante-recurrente<br><br>      V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>      Demandado-recurrido | Revisión<br><br>99TSPR60 |
|---|---|

Número del Caso: RE-94-605

Abogados de la Parte Peticionaria: Lic. Alvaro R. Calderón, Jr.
(Bufete Alvaro R. Calderón, Jr.)

Abogados de la Parte Recurrida: Hon. Carlos Lugo Fiol
Procurador General

Lic. María Adaljisa Dávila
Procuradora General Auxiliar

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior, Sala de Ponce

Juez del Tribunal de Primera Instancia: Hon. Julio Alvarado Ginorio

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 4/21/1999

Materia:

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Jaimar David Pérez Aguirre

    Demandante-recurrente
       v.                       RE-94-605       REVISIÓN

Estado Libre Asociado de
Puerto Rico

    Demandado-recurrido

SENTENCIA

San Juan, Puerto Rico, a 21 de abril de 1999

Nos enfrentamos a la situación de una demanda radicada por alegada impericia médica contra el Estado Libre Asociado de Puerto Rico, y otros, por una persona, el demandante Jaimar David Pérez Aguirre, <u>dentro</u> del año de éste haber cumplido la mayoría de edad, en la cual se alega que el demandante sufrió daños físicos y neurólogicos al nacer, producto los mismos, de manera principal, de la mencionada impericia de los facultativos médicos del Hospital de Distrito de Ponce.

El Estado radicó una solicitud de sentencia sumaria en que alegó procedía la desestimación de la demanda radicada por razón de que el demandante, ni sus padres ni ninguna otra persona, habían cumplido

con el requisito que establece el Artículo 2(a) de la ley de Reclamaciones y Demandas contra el Estado[1], la cual requiere que se le notifique al Secretario de Justicia de Puerto Rico, dentro del término de 90 días, de la intención y propósito de demandar al Estado.

No obstante la fundada oposición del demandante, el extinto Tribunal Superior de Puerto Rico, Sala de Ponce, dictó <u>sentencia parcial</u> desestimando la demanda en cuanto al Estado Libre Asociado de Puerto Rico.

En desacuerdo con dicha determinación judicial, la parte demandante radicó el correspondiente recurso de revisión ante este Tribunal. En dicho recurso le imputó al foro de instancia el siguiente error:

> "Erró el Tribunal de Instancia al desestimar la demanda por el fundamento de que la parte demandante no notificó al Secretario de Justicia su reclamación en contra el ELA, de conformidad con la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. § 3077(a), sin tomar en consideración las particularidades y características de este caso."

Examinado el recurso radicado, emitimos orden de mostrar causa. El Estado ha comparecido. Estando en posición de resolver el recurso radicado, procedemos a así hacerlo.

I

Procede resolver según lo intimado en la orden de mostrar causa emitida.

El Artículo 40 del Código de Enjuiciamiento Civil de 1933, 32 L.P.R.A. sec. 254, establece que, durante la minoridad, no corre la prescripción. Por otro lado, la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3077(a)(d) impone al menor la obligación de notificar, dentro de los noventa días siguientes a la fecha en que tuvo conocimiento de los daños que se reclaman, al Secretario de Justicia su intención de demandar.

---

[1] Ley Número 104 del 29 de junio de 1955, según enmendada por la Ley 121 del 24 de junio de 1966.

La limitación impuesta por el _requisito procesal_ de notificación a la norma sustantiva --que dispone que la prescripción no transcurre durante la minoridad-- _no_ puede prevalecer. Esto, pues ante la existencia de dos disposiciones que no pueden armonizarse, _la procesal tiene que ceder_.

Además, el caso de autos presenta el agravante de que la notificación a realizarse era un requisito que el recien nacido estaba imposibilitado de cumplir. Si a esto añadimos el hecho de que los trágicos eventos acaecieron en un hospital público --por lo que la información relacionada con la causa de acción se encuentra en poder del Estado-- tenemos que concluir que erró el tribunal de primera instancia al desestimar la demanda de epígrafe. _Zambrana Maldonado_ v. _E.L.A._, 129 D.P.R. 740, 756 (1992); _Meléndez Gutiérrez_ v. _E.L.A._, 113 D.P.R. 811, 815 (1983).

Por los fundamentos anteriormente expuestos se dicta Sentencia revocatoria de la sentencia parcial emitida por el antiguo Tribunal Superior de Puerto Rico, Sala de Ponce, desestimando la demanda incoada contra el Estado y se devuelve el caso a dicho foro para la continuación de procedimientos compatibles con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emitió Opinión concurrente. El Juez Asociado señor Negrón García concurre en el resultado bajo la excepción estatutaria de justa causa. El trasfondo fáctico que presenta el recurso amerita su aplicación. El Juez Asociado señor Fuster Berlingeri concurre en el resultado sin opinión escrita. Los Jueces Asociados señora Naveira de Rodón y señor Corrada del Río disienten sin opinión escrita.


                                        Isabel Llompart Zeno
                                        Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Jaimar David Pérez Aguirre

    Demandante-recurrente

       v.                                    RE-94-605          REVISIÓN

**Estado Libre Asociado de
Puerto Rico**

    Demandado-recurrido


    **OPINIÓN CONCURRENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO
LÓPEZ**


En San Juan, Puerto Rico, a 21 de abril de 1999


Nos encontramos hoy ante la difícil tarea de atemperar dos disposiciones un tanto incongruentes: (1) el requisito de notificación que impone, de forma alternativa a los menores, la Ley de Reclamaciones y Demandas contra el Estado[2] y (2) la norma de que el término prescriptivo no transcurre durante la minoridad[3].

**Somos del criterio de que, en situaciones como las de autos, el requisito de notificación que impone la Ley de Reclamaciones y Demandas contra el Estado[4], <u>no</u> puede obstruir el derecho sustantivo,**

---

[2] 32 L.P.R.A. sec. 3077(a).
[3] Artículo 40 del Código Enjuiciamiento Civil, 32 L.P.R.A. sec. 254.
[4] 32 L.P.R.A. sec. 3077(a).

imperante en nuestro ordenamiento, de que la prescripción no "corre" durante la minoridad.

I

Jaimar David Pérez Aguirre llegó al mundo el 31 de julio de 1972. Más de dos décadas más tarde, el 29 de julio de 1994, Pérez Aguirre, luego de advenir a la mayoría de edad, radicó demanda en contra del Estado Libre Asociado ("Estado") y otras partes cuyos nombres se desconocían en ese momento. En lo pertinente, Pérez Aguirre alegó haber sufrido severos daños físicos y neurológicos producto de la supuesta impericia profesional de los médicos y funcionarios del Hospital de Distrito de Ponce que atendieron a su señora madre durante el proceso de alumbramiento que culminó con su nacimiento. <u>Nótese que Pérez Aguirre presentó su reclamación dentro del año de advenir a la mayoría de edad</u>.

En la demanda, Pérez Aguirre reconoció que no había notificado al Secretario de Justicia.[5] Argumentó el demandante que esa omisión no debía ser óbice para la ventilación del pleito porque, alegadamente, no hubo perjuicio sustancial contra el Estado ya que los hechos ocurrieron en un hospital público y toda la información necesaria y pertinente se encontraba en manos de aquél.

Por su parte, el Estado solicitó del tribunal de instancia que dictase sentencia sumaria a su favor o que desestimara el pleito por razón de la falta de notificación requerida por nuestro ordenamiento jurídico. La representación legal de Pérez Aguirre se opuso. Recalcó que el Estado no había sufrido, ni demostrado, perjuicio sustancial por la falta de notificación. Además, indicó que la omisión "ocurrió por tratarse de personas *pobres* e *ignorantes* que estuvieron luchando con un hijo con daño cerebral debido a la negligencia de los médicos del Estado Libre Asociado"[6]. (Énfasis nuestro.)

---

[5] Esto, según lo requiere el Artículo 2(a) de la Ley Núm. 121 de 24 de junio de 1966, el cual enmendó la Ley Núm. 104 de 29 de junio de 1955, conocida como Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3077.
[6] Oposición a Moción de Desestimación y/o Sentencia Sumaria.

Ante este cuadro, el tribunal señaló una vista para escuchar los planteamientos de las partes. Celebrada la vista, el antiguo Tribunal Superior, Sala de Ponce, dictó sentencia parcial desestimando la demanda incoada contra el Estado.

Inconforme, compareció Pérez Aguirre ante este Tribunal solicitando la revocación del dictamen. Le atribuye al foro de instancia haber errado al desestimar la acción pues, alegadamente, puede eximirse del requisito de notificación en "circunstancias especiales" como las presentes en el caso de autos. Ordenamos a los demandados-recurridos que mostraran causa por la cual este Tribunal no debía expedir el auto de certiorari solicitado y dictar Sentencia revocatoria de la sentencia recurrida. En cumplimiento de dicha orden, ha comparecido el demandado-recurrido.

Concurrimos con la Sentencia emitida por el Tribunal que revoca el dictamen del foro de instancia desestimatorio de la demanda radicada contra el Estado. Veamos por qué.

## II

El demandante-recurrente admite que no cumplió con el requisito de notificación. Argumenta que nos encontramos en presencia de las circunstancias especiales que justifican la exención de dicho requisito. En su comparecencia ante este Foro identifica como circunstancias especiales las siguientes: (a) "la prueba consta en los récords médicos que obran en el Hospital"; y (b) "los testigos en el caso son fundamentalmente los médicos, enfermeras y demás funcionarios de esa entidad hospitalaria". Plantea que tanto la evidencia como los testigos son de fácil acceso al Estado pues el hospital le pertenece a éste y, en la alternativa, si el personal ya no labora para el Estado, éste tiene los medios para hallarlos.

Por otro lado, indica el demandante-recurrente que es inmaterial el hecho de que hayan transcurrido más de veinte años desde la ocurrencia del alegado acto culposo o negligente. De hecho, sostiene que, ante la omisión de notificación, no hay diferencia entre el

transcurso de seis meses o veinte años pues, a su juicio, lo importante es si el Estado ha sufrido un perjuicio sustancial. Por último, añade que el Estado no ha demostrado qué perjuicio sustancial ha sufrido por la falta de notificación. En fin, reclama nuestra "interpretación liberalizadora" en este caso.

La Ley de Reclamaciones y Demandas contra el Estado permite que el Estado responda por los actos y omisiones de los funcionarios en las mismas circunstancias y condiciones en que sería responsable un ciudadano particular, siempre y cuando se cumpla con las condiciones que impone la propia Ley. Una de esas condiciones es el requisito de notificación. Las reclamaciones contra el Estado, por daños causados por culpa o negligencia de éste, deberán presentarse al Secretario de Justicia, mediante notificación escrita, en la que se hagan constar ciertos datos exigidos por la Ley.

Este Tribunal ha expresado que los propósitos del requisito de la notificación previa son:[7]

1. **Proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación;**

2. **Desalentar las reclamaciones infundadas;**

3. **Propiciar un pronto arreglo de las mismas;**

4. **Permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios;**

5. **Descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable;**

6. **Advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y,**

7. **Mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado.[8]**

---

[7] Zambrana v. E.L.A., Opinión y Sentencia de 30 de enero de 1992; Mangual v. Tribunal Superior, 88 D.P.R. 491, 494 (1963).

[8] En dicha notificación, hay que incluir la siguiente información: la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia. Artículo 2A(a) de la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3077(a)(a).

El requisito de notificación sirve el propósito de avisar al Gobierno de que, probablemente, ha surgido una causa de acción por daños y perjuicios en su contra. Esto, con el propósito de que "pueda activar sus recursos de investigación prontamente, antes [de] que desaparezcan los testigos y las pruebas objetivas en orden a la preparación de una adecuada defensa contra la reclamación o una transacción adecuada de la misma, cuando proceda"[9].

De otra parte, la mencionada notificación debe presentarse dentro de los noventa días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama.[10] Siendo la notificación un requisito de estricto cumplimiento, el tribunal queda liberado "... de un automatismo dictado por el calendario y salva su fundamental facultad para conocer del caso y proveer justicia según lo ameriten las circunstancias"[11]. Ahora bien, la notificación escrita, en la forma y manera requerida y dentro de los plazos prescritos anteriormente, es requisito de cumplimiento estricto para iniciar acción judicial contra el Estado por daños causados por su culpa o negligencia, a menos que haya mediado justa causa en el incumplimiento de los requisitos señalados previamente.[12]

La Ley contempla un sinnúmero de situaciones en torno al aspecto de la notificación. Específicamente, en el caso de menores de edad, la Ley le impone la responsabilidad principal a los padres o tutores y, en la alternativa, la Ley dispone que *podrá hacerlo el menor*[13]. Por último,

---

[9] Romero Arroyo v. E.L.A., 127 D.P.R. 724, 734 (1991) citando a Rivera de Vincenti v. E.L.A., 108 D.P.R. 64, 69 (1978); además, véase el Informe de la Comisión de lo Jurídico sobre el P. de la C. 492.

[10] Artículo 2A(c) de la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3077(a)(c); Rolón Rivera v. E.L.A., 105 D.P.R. 7, 8 (1976).

[11] Romero Arroyo v. E.L.A., ante, pág. 735, citando a Loperena Irizarry v. E.L.A., 106 D.P.R. 357, 359-360 (1977).

[12] Ibid., Artículo 2A(e).

[13] Artículo 2(a)(d) de la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3077(a)(d). Este inciso establece que:

"Si el perjudicado fuere un menor de edad, o fuere persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor,

se establece que, cuando se cumpla con el requisito de notificación, el término para iniciar la acción es el que dispone la ley como se ha expresado anteriormente.

**Por otro lado, no hay duda de que la norma que extiende el término prescriptivo de las acciones de menores, hasta que éstos lleguen a su mayoridad, aplica igualmente a las reclamaciones autorizadas por la Ley de Reclamaciones y Demandas contra el Estado. Esto en virtud del Artículo 8 de dicha Ley, 32 L.P.R.A. sec. 3083.[14] Véase, _Valentín_ v. _Jaime_, 86 D.P.R. 774, 778 (1962).**

Así, el Artículo 40 del Código de Enjuiciamiento Civil de 1933,[15] en lo pertinente, dispone que:

> "[s]i la persona con derecho a ejercitar una acción, que no sea la reivindicatoria de propiedad inmueble, fuese al tiempo de nacer la causa de la acción:
>
> (1)  menor de edad;
> (2)  ....
> (3)  ....
> (4)  ...., el tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción."

El requisito de notificación antes discutido está en conflicto con las disposiciones del citado Artículo 40. De una parte, nuestro Derecho sustantivo preceptúa que el término prescriptivo no transcurre durante la minoridad. De otra, la Ley de Reclamaciones y Demandas contra el

---

o el tutor, según fuere el caso, vendrá obligado a notificar la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que reclama. Lo anterior no será obstáculo para que el menor, o la persona sujeta a tutela, haga la referida notificación, dentro del término prescrito, a su propia iniciativa, si quien ejerce la patria potestad o custodia, o tutela, no lo hiciere."

[14] Este artículo dispone que:

"...[r]egirán para las acciones aquí autorizadas los términos prescriptivos fijados en las leyes aplicables. La sentencia contra el Estado no incluirá en ningún caso el pago de intereses por período alguno anterior a la sentencia ni concederá daños punitivos. La imposición de costas se regirá por el procedimiento ordinario. El Estado, con la aprobación del tribunal, podrá transigir cualquier reclamación en su contra una vez que se haya comenzado la acción.

La sentencia que se dicte en cualquier acción autorizada por las secs. 3077 et seq . de este título impedirá toda otra acción por parte del reclamante, por razón de la misma cuestión o materia, contra el funcionario, agente o empleado cuyo acto u omisión dio origen a la acción; y la sentencia contra el funcionario, agente o empleado impedirá igualmente toda acción contra el Estado."

[15] 32 L.P.R.A. sec. 254.

Estado impone al menor, de forma alternativa, el requisito de que notifique al Estado su reclamación. Poner en vigor éste requisito conllevaría, en la práctica, derrotar el derecho sustantivo concebido en el Artículo 40 del Código de Enjuiciamiento Civil[16].

El aludido requisito de notificación impuesto al menor, más que oneroso, es irracional. No merece otro adjetivo exigir a un recién nacido que, en casos como el de autos, al cumplir tres meses de nacido, o sea noventa días, curse una carta al Secretario de Justicia indicándole su intención de reclamar. Flaco servicio haríamos si permitimos que el requisito de notificación obstruya el derecho sustantivo del menor a recobrar por unos daños que alegadamente le causó el Estado. Nuestras expresiones sobre el deber de librarnos "...de un automatismo dictado por el calendario... y proveer justicia según lo ameriten las circunstancias"[17] no constituyen pura retórica; una vez más, la conciencia nos impone nuestro deber: hacer justicia.

Hemos expresado que el deber de *parens patriae* del Estado le faculta para tomar medidas encaminadas a proteger al menor, custodiarlo y supervisarlo, facultades que, paralelamente, son compartidas con sus padres, encargados o tutores. Coexistencial con dichas facultades, el Estado, llamado a servir de guardián de nuestros niños, no puede, mediante un mecanismo procesal, despojarlos del derecho sustantivo que --otorgado por el propio Estado-- permite la reparación de un agravio. Ante la omisión de sus padres o encargados, el Estado, en su deber de *parens patriae*, viene obligado a proteger a los menores y no a darle la espalda reafirmando un requisito imposible de cumplir.

> "El ser humano, que viene a la vida con el destino que le señale su propia naturaleza, tiene un derecho a la existencia y al desarrollo de la misma según sus facultades; es decir, tiene un derecho absoluto a su conservación. En la organización actual de la familia y de la sociedad se halla impuesta, primero a los parientes y después al Estado, la obligación de proveer dicha necesidad; y cada uno en su caso está en el deber de procurar al que por sí no podría cumplir dicho fin, los medios necesarios para su conservación y

---

[16] Ibid.

[17] Romero Arroyo v. E.L.A., ante.

desarrollo: deber altamente social, que no depende de la
voluntad del que le tiene, sino que se impone a todos como
una de las condiciones necesarias de la vida progresiva de
la humanidad". (Énfasis nuestro.)[18]

Sería una burla a los derechos que tanto el Código Civil como el
Código de Enjuiciamiento Civil le reconocen a los menores si
resolviésemos que dichos derechos quedan supeditados al requisito de
notificación. Por un lado, nuestro ordenamiento dispone que el término
prescriptivo     --derecho sustantivo-- no transcurre durante la
minoridad[19]; mientras que el requisito de notificación --derecho
procesal-- le impone el deber a un infante de que notifique su
reclamación. Debemos recordar que las reglas y leyes procesales no
tienen vida propia, sólo existen para viabilizar la consecución del
derecho sustantivo de las partes.[20] Un precepto sustantivo no puede
sucumbir ante una disposición procesal.

Lo aquí resuelto es consistente con nuestros pronunciamientos en
beneficio de los menores. Así, por ejemplo, hemos expresado que no
corre contra los menores el término prescriptivo de cinco años que se
provee para instar una acción en cobro de pensiones alimentarias
atrasadas. Rodríguez Avilés v. Rodríguez Beruff, 117 D.P.R. 616, 626
(1986).[21] Asimismo, en el pasado, hemos expresado que "el propósito de
la excepción en cuanto a menores es proteger los intereses de los
incapaces hasta el momento en que adquieren la capacidad jurídica
necesaria para hacer valer sus derechos"[22]. En la práctica, no pueden
protegerse de otra forma los intereses de los menores si el requisito

---

[18] Rodríguez Pagán v. Depto. de Servicios Sociales, Opinión y Sentencia
de 3 de febrero de 1993, citando a Comentarios al Código Civil Español,
Madrid, Ed. Reus S.A., 1956, Vol. I, págs. 782-783.

[19] De Jesús v. Chardón, 116 D.P.R. 238, 250 y ss. (1985); Ibáñez v. Diviñó, 22 D.P.R.
518 (1915).

[20] Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807, 816 (1986), interpretando las
Reglas de Procedimiento Civil.

[21] Nótese que, según lo dispone el mismo Artículo 40 del Código de Enjuiciamiento
Civil, 32 L.P.R.A. sec. 254, sólo en las acciones para reclamar propiedad inmueble, la
prescripción corre contra menores de edad. Gómez v. Marques, 81 D.P.R. 721 (1960).

[22] Márquez v. Tribunal Superior, 85 D.P.R. 559, 562 (1962).

de notificación degollara su derecho a incoar una causa de acción por la culpa o negligencia del Estado.

Aunque existe un nexo racional entre el requisito de notificación y el interés legítimo de "...poner sobre aviso al Gobierno de que ha surgido una probable causa de acción por daños en su contra de modo que pueda activar sus recursos de investigación prontamente..."[23], su imposición, en casos como el de marras, es claramente arbitraria. Respaldar la imposición del requisito de notificación en casos como el de autos sería un rigorismo desmedido.[24] "La ley es un instrumento de la justicia, y no viceversa". Jordán-Rojas v. Padró Gonzáles, 103 D.P.R. 813, 815 (1975). Si bien es cierto que reglas como la de la notificación están fundamentadas en consideraciones de orden público, esto es, que el Estado no debe estar sujeto indefinidamente a ser demandado, cuando este principio choca con la norma de que la prescripción no opera durante la minoridad, debe prevalecer la norma que tiende a proteger los intereses de los incapacitados. Sobre el particular, véase Márquez v. Tribunal Superior, ante, pág. 562.

En fin, somos del criterio que existe justa causa cuando el requisito de notificación, cuya responsabilidad alternativa recae en el menor, resulta imposible de cumplir por razones fuera del control del acreedor del derecho. No podemos permitir que, en casos como el de autos, un menor sea penalizado, bajo el pretexto de un derecho procesal, por las omisiones de sus progenitores. Precisamente, "[l]a norma de que la prescripción de las acciones no corre contra los menores e incapacitados protege a éstos contra posible negligencia del padre o tutor". Rodríguez Avilés v. Rodríguez Beruff, ante. Además, como indicáramos anteriormente, sería absurdo requerir a un menor de

---

[23] Romero Arroyo v. E.L.A., ante, pág. 734.

[24] En López v. Autoridad de Carreteras, Opinión y Sentencia de 5 de mayo de 1993, declaramos nuestro repudio a ese tipo de aplicación del término. Esto, mientras interpretábamos el término de noventa días establecido en la Ley de Municipios Autónomos que contiene una disposición análoga a la aquí interpretada.

edad notificar por cuenta propia. En consecuencia, la negligencia de sus padres no puede afectar a los menores.[25]

Por los fundamentos que anteceden, es que concurrimos con la Sentencia emitida por el Tribunal, revocatoria de la sentencia parcial dictada por el antiguo Tribunal Superior de Puerto Rico, Sala de Ponce, desestimando la demanda radicada contra el Estado; resultando procedente, en consecuencia, que se devuelva el caso a dicha Sala para la continuación de procedimientos ulteriores.

FRANCISCO REBOLLO LÓPEZ
Juez Asociado

---

[25] De Jesus v. Chardón, ante, pág. 253, citando a Mazeaud, H.L., & Mazeaud, J., Lecons de Droit Civil, 6ta ed., París, Ed. Montchrestien, 1978, T. 2, Vol. 1, pág. 1165-1167.