EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Rosa I. Rivera Serrano en representación del menor JJDR<br><br>   Recurrida<br><br>      v.<br><br>Municipio Autónomo de Guaynabo; y/o Policía Municipal Juan D. Torres Hernández, Ángel M. García Colón, Compañías Aseguradoras de Nombre Desconocido<br><br>   Peticionarios | Certiorari<br><br>2014 TSPR 118<br><br>191 DPR ____ |

Número del Caso: CC-2013-836

Fecha: 8 de octubre de 2014

Tribunal de Apelaciones:

Región Judicial de Bayamón, Panel VI

Abogado de la Parte Peticionaria:

   Lcdo. Manuel Camacho Córdova

Abogado de la Parte Recurrida:

   Lcdo. Ramón Enrique Segarra Berríos

Materia: Ley de Municipios Autónomos – Art. 15.003: Notificación al alcalde cuando parte demandante es menor de edad.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rosa I. Rivera Serrano en
representación del menor JJDR

Recurrida

v.

Municipio Autónomo de Guaynabo;
y/o Policía Municipal Juan D.
Torres Hernández, Ángel M.
García Colón, Compañías
Aseguradoras de Nombre
Desconocido

Peticionarios

*Certiorari*

CC-2012-0836

Opinión del Tribunal emitida por el Juez Asociado señor Rivera García

En San Juan, Puerto Rico, 8 de octubre de 2014.

El presente recurso nos permite determinar si procede la desestimación de una demanda en daños y perjuicios de un menor cuando su padre, madre o tutor legal incumple con la notificación al Alcalde requerida por el Art. 15.003 de la Ley Núm. 81-1991 ("Ley de Municipios Autónomos").[1] Evaluadas las normas de derecho pertinentes, contestamos negativamente. De esta manera, determinamos que en el contexto particular de las demandas en daños y perjuicios autorizadas por la Ley de Municipios Autónomos, no procede privar a un menor de edad de su causa de acción por la

---

[1] Art. 15.003 de la Ley Núm. 81-1991, "Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991". (21 LPRA sec. 4703).

negligencia incurrida por su custodio legal en cuanto al requisito de notificación. En ese contexto, confirmamos la determinación del Tribunal de Apelaciones y ordenamos la continuación de los procedimientos en cuanto a lo que respecta a la causa de acción del menor.

A continuación exponemos los antecedentes fácticos y procesales que originaron la controversia que hoy atendemos.

I

El 16 de marzo de 2009 la Sra. Rosa I. Rivera Serrano (señora Rivera Serrano), por sí y en representación de su hijo, el menor JJDR, incoó una acción en reclamación de daños y perjuicios en contra del Municipio de Guaynabo (Municipio) y su Policía Municipal, entre otros.[2] Según sostuvo, el 14 de marzo de 2008 dos policías municipales de Guaynabo detuvieron el vehículo de motor en el que andaba su hijo en compañía de un amigo de este. Como parte de la intervención, presuntamente uno de los guardias municipales apuntó a la cabeza de JJDR con un arma de fuego.[3] Al temer por su vida, este aceleró el vehículo y continuó la marcha, mientras los policías comenzaron a disparar contra el mismo.[4] Como consecuencia de este incidente, la señora Rivera Serrano solicitó que tanto

---

[2] Véase, Apéndice de la Petición de *Certiorari*, *Demanda*, págs.90-92.

[3] Íd., pág. 91, ¶2.

[4] Íd., pág. 91, ¶3.

ella como su hijo fueran indemnizados por los daños y sufrimientos emocionales sufridos.

Luego de contestar la demanda, el Municipio presentó una "Moción de desestimación y/o sentencia sumaria".[5] En esta, planteó que el tribunal debía desestimar la demanda o dictar sentencia sumaria a su favor por tres razones. Primero, porque los demandantes no notificaron al Municipio su reclamación dentro de los noventa días de ocurrido el incidente, como dispone el Art. 15.003 de la Ley de Municipios Autónomos, supra. Segundo, porque la demanda estaba prescrita por haber transcurrido más de un año desde los hechos alegados hasta la fecha de su presentación. Tercero, porque los hechos alegados en la demanda corresponden a conducta delictiva por parte de los guardias municipales, por lo que el Municipio no debe responder por los mismos.

Subsiguientemente, la señora Rivera Serrano presentó una oposición a la referida petición de desestimación.[6] Según planteó, las circunstancias expuestas en la demanda no justifican la exigencia de notificación previa. Esto, porque la Policía Municipal es una institución administrada por el Municipio, "por lo que es de valor reducido la notificación debido a que no existe riesgo de

---

[5] Íd., *Moción de desestimación y/o sentencia sumaria*, págs. 83-87. Previo a esta solicitud, el Municipio ya había solicitado la desestimación de la acción presentada, pero el Tribunal lo había denegado en una resolución notificada el 21 de diciembre de 2010.

[6] Íd., *Oposición a moción solicitando desestimación y/o sentencia sumaria*, págs. 78-82.

desaparición de evidencia".[7] Al respecto, añadió que "los hechos que motivan la controversia en el caso de autos fueron producto de los actos directamente efectuados por el funcionario municipal quien tiene conocimiento personal de los hechos por los que se reclaman daños y perjuicios, ya que conoce muy bien la situación y la identidad de los testigos".[8] Evaluados ambos escritos, el Tribunal de Primera Instancia declaró no ha lugar la petición de desestimación y/o sentencia sumaria presentada por el Municipio, así como una posterior moción de reconsideración.[9]

Inconforme con esta determinación, el Municipio acudió ante el Tribunal de Apelaciones mediante una petición de *certiorari*.[10] En esta, alegó que el Tribunal de Primera Instancia erró "al no desestimar la demanda por falta de jurisdicción al no notificar al Municipio de Guaynabo de acuerdo al Art. 15.003 de la Ley Número 81… y por no exponer hechos que justifiquen la concesión de un remedio".[11] Atendido el planteamiento, el foro apelativo intermedio concluyó que la señora Rivera Serrano no logró demostrar que existían circunstancias especiales que justificaran dispensarla del requisito de notificación al

---

[7] Íd., pág. 79, ¶6.

[8] Íd., pág. 81, ¶16.

[9] Íd., *Orden*, págs. 58; 64.

[10] Íd., Petición de *Certiorari*, págs. 43-55.

[11] Íd., pág. 48.

Municipio.[12] Como consecuencia, modificó el dictamen emitido por el Tribunal de Primera Instancia para desestimar la causa de acción presentada por la señora Rivera Serrano.

Ahora bien, en lo que respecta a la causa de acción del menor JJDR, el Tribunal de Apelaciones devolvió el caso al Tribunal de Primera Instancia para la continuación de los procedimientos. Según sostuvo, el Estado tiene un deber de *parens patrie* y no puede utilizar un mecanismo procesal para justificar privar al menor del derecho sustantivo que permite la reparación de un daño. Sobre este particular, el foro apelativo intermedio concluyó lo siguiente:

> A base de lo anteriormente expuesto, colegimos que no podemos imputarle al menor hijo de la señora Rivera Serrano su negligencia al no haber notificado al Municipio su intención de demandarlo dentro de los 90 días siguientes a que conoció de la existencia de los daños y, de esta forma, hacer abstracción de las implicaciones que produciría sostener la desestimación del pleito en contra el menor.
>
> . . . .
>
> A la luz de lo anterior, concluimos que, en efecto, el derecho sustantivo del menor debe prevalecer sobre el requisito procesal de la notificación. Por tanto, procede devolver el caso para que allí se ventile en sus méritos su causa de acción.[13]

No conforme con este dictamen, el Municipio acudió ante esta Curia mediante un recurso de *certiorari*. En este expone, en esencia, los mismos errores y planteamientos

---

[12] Íd., Sentencia, págs. 14-38.

[13] Íd., págs. 35-36.

esbozados ante el Tribunal de Apelaciones. Examinado el recurso, el 25 de enero de 2013 expedimos el auto solicitado. Con el beneficio de la comparecencia de ambas partes, procedemos a delinear el marco legal pertinente a la controversia que nos ocupa.

**II**

Desde comienzos del siglo pasado, en nuestro ordenamiento jurídico persiste la doctrina de inmunidad soberana. Véase, Porto Rico v. Rosaly, 227 U.S. 270, 273 (1913). En virtud de esta, ninguna persona puede presentar una reclamación judicial en contra del Estado, salvo que este haya consentido a ser demandado. Doble Seis Sport TV, Inc. v. Dpto. de Hacienda, 2014 TSPR 52, 190 DPR __ (2014); Guardiola Álvarez v. Dpto. de la Familia, 175 DPR 668, 678 (2009); Defendi Collazo v. E.L.A., Cotto, 134 DPR 28, 40 (1993); Meléndez v. E.L.A., 81 DPR 824, 826 (1960).

En reconocimiento a esta doctrina, en Puerto Rico se han adoptado varias legislaciones mediante las cuales el Estado ha consentido a la presentación de ciertos procedimientos judiciales en su contra. Así, por ejemplo, en el caso particular de las entidades municipales, la Ley de Municipios Autónomos permite que el Municipio responda por los daños personales o a la propiedad, ocasionados por su culpa o negligencia, siempre y cuando se cumpla con las condiciones que impone la propia ley. Una de estas condiciones es que el reclamante notifique a la entidad

municipal sobre la existencia de una posible reclamación en su contra.

En consideración a la controversia particular ante nuestra atención, primeramente delinearemos los aspectos generales relacionados al referido requisito de notificación. En segundo lugar, evaluaremos la relación entre este requerimiento y los menores de edad, particularmente, en lo que concierne a las consecuencias aplicables a la causa de acción del menor cuando su custodio legal falla en notificar al municipio, según establece nuestra legislación.[14]

---

[14] Para propósitos de claridad en la discusión que prosigue, procederemos a abordar las disposiciones del Art. 15.003 de la Ley de Municipios Autónomos por parte. No obstante, para una referencia completa del mismo, el artículo lee:

> Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar al Alcalde una notificación escrita, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.
>
> (a) Forma de entrega y término para hacer la notificación.- Dicha notificación se entregará al Alcalde, remitiéndola por correo certificado o por diligenciamiento personal o en cualquier otra forma fehaciente reconocida en derecho.
>
> La referida notificación escrita deberá presentarse al alcalde dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.
>
> Si el perjudicado fuere un menor de edad o una persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso,

## A. Aspectos generales del requisito de notificación

El requisito de notificación al Alcalde fue establecido por primera vez en la hoy derogada Ley Municipal de 1960.[15] Desde entonces, ha formado parte de las leyes municipales posteriores.[16] En lo que respecta a la vigente Ley de Municipios Autónomos, el requisito de notificación forma parte del Art. 15.003, el cual regula la presentación de las demandas contra un municipio por los daños y perjuicios ocasionados por su culpa o negligencia. En específico, esta legislación dispone que tal notificación debe realizarse en los siguientes términos:

> …deberá presentar al Alcalde una notificación escrita, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del

---

estará obligada a notificar al Alcalde la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que se reclaman. Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación por su propia iniciativa dentro del término prescrito, si quien ejerce la patria potestad, custodia o tutela no lo hace.

(b) Requisito jurisdiccional.- No podrá iniciarse acción judicial de clase alguna contra un municipio por daños causados por la culpa o negligencia de aquél, a menos que se haga la notificación escrita, en la forma, manera y en los plazos dispuestos en este subtítulo.

(c) Salvedad.- Esta sección no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo fijado por la sec. 5298(2) del Título 31. 21 LPRA sec. 4703.

[15] Véase Art. 96 de la Ley Núm. 142 de 21 de julio de 1960, "Ley Municipal". (21 LPRA ants. secs. 2001 *et seq.*).

[16] Incluyendo en la Ley Núm. 146 de 18 de junio de 1980, "Ley Orgánica de los Municipios". (21 LPRA ants. secs. 2001 *et seq.*).

reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.

(a) Forma de entrega y término para hacer la notificación.- Dicha notificación se entregará al Alcalde, remitiéndola por correo certificado o por diligenciamiento personal o en cualquier otra forma fehaciente reconocida en derecho.

La referida notificación escrita deberá presentarse al Alcalde dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados.

. . . .

(b) Requisito jurisdiccional.- No podrá iniciarse acción judicial de clase alguna contra un municipio por daños causados por la culpa o negligencia de aquél, a menos que se haga la notificación escrita, en la forma, manera y en los plazos dispuestos en este subtítulo.[17]

Como podemos observar, del citado precepto surge que la notificación debe ser por escrito e incluir la fecha, lugar, causa y naturaleza general del daño, así como la cuantía de la compensación o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante. Asimismo, debe especificar el lugar donde recibió tratamiento médico en primera instancia, en aquellos casos en que la reclamación esté relacionada con daños a la persona.[18]

En múltiples ocasiones, hemos expresado que tal requerimiento de notificación previa responde al interés de las entidades municipales de lograr una efectiva

---

[17] Art. 15.003 de la Ley de Municipios Autónomos.

[18] Para una discusión más amplia sobre cómo se debe entregar la referida notificación, véase Rivera Fernández v. Mun. de Carolina, res. el 29 de enero de 2014, 2014 TSPR 9, 190 DPR __ (2014).

investigación que les permita articular una defensa adecuada en la futura reclamación que posiblemente se presentará en su contra. Así, hemos establecido que la notificación previa tiene las siguientes ventajas: (1) proveerle a los municipios la oportunidad de investigar los hechos que originaron la reclamación; (2) conocer posibles testigos de los hechos; (3) mitigar el importe de los daños sufridos; y (4) permitir a los municipios la inspección inmediata del lugar del accidente, entre otros. Rivera Fernández v. Mun. de Carolina, res. el 29 de enero de 2014, 2014 TSPR 9, 190 DPR __ (2014); Acevedo v. Mun. de Aguadilla, 153 DPR 788, 799 (2001); Passalacqua v. Mun. de San Juan, 116 DPR 618, 627 (1985).

Como norma general, la consecución de tales objetivos supone la aplicación rigurosa del referido requisito de notificación establecido en la Ley de Municipios Autónomos. Ahora bien, en el pasado hemos reconocido varias instancias en las que tal exigencia carece de eficacia jurídica o supondría una grave injusticia para quien cuenta con una legítima causa de acción. A modo de ejemplo, en Insurance Co. of P.R. v. Ruiz, 96 DPR 175 (1968) reconocimos que el requisito de notificación no es necesario si el municipio comienza la acción judicial dentro de los noventa días establecidos en el Art. 15.003. De igual forma, hemos resuelto que no es necesario cuando el reclamante presenta la demanda y emplaza al municipio

dentro del referido término. Véase, e.g., Passalacqua v. Mun. de San Juan, supra.

## B. El requisito de notificación y los menores

En lo que concierne a los menores de edad, el Art. 15.003 de la Ley de Municipios Autónomos dispone lo siguiente:

> Si el perjudicado fuere un menor de edad o una persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, estará obligada a notificar al Alcalde la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que se reclaman. Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación por su propia iniciativa dentro del término prescrito, si quien ejerce la patria potestad, custodia o tutela no lo hace.
>
> …
>
> (c) Salvedad.- Esta sección no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo fijado por el inciso (2) del Artículo 1868 del Código Civil de Puerto Rico, Edición de 1930.

Según surge del citado extracto, y cónsono con lo discutido en la sección que antecede, toda persona interesada en demandar a un municipio por alegados daños sufridos por un menor de edad, por culpa o negligencia de la entidad municipal, tiene la obligación de notificarlo. De esta manera, la ley establece que la responsabilidad primaria de cumplir con tal requisito recae sobre los padres o tutores del menor. Siendo así, la ley establece como *alternativa* que el menor cumpla con el requisito de

notificación, en caso de que su padre o tutor no lo hiciera.

Por último, el artículo expresamente aclara que, en la medida en que las personas cumplan con sus disposiciones, el requisito de notificación previa no alterará el término prescriptivo de un año establecido en el Art. 1868 del Código Civil de Puerto Rico para la presentación de una reclamación en daños y perjuicios.[19] Por lo tanto, el propio artículo guía nuestra atención a las normas establecidas en nuestro ordenamiento jurídico concernientes a la prescripción, y en este caso en particular, a los menores.

Al respecto, es norma firmemente establecida en nuestra jurisdicción que, contrario a lo que sucede con los adultos, los derechos y causas de acciones de los menores no se extinguen por el paso natural del término prescriptivo establecido por ley.[20] Así, lo reconocimos en Ibañez v. Divino, 22 DPR 518 (1915), y lo hemos reiterado desde entonces en decenas de casos posteriores. Véanse, e.g., Parrilla Hernández v Rodríguez Morales, 163 DPR 263

---

[19] El Art. 1868 del Código Civil de Puerto Rico establece que prescribirán en el transcurso de un año: (1) las acciones para recobrar o retener la posesión; y (2) las acciones para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en la sec. 5141 de este título desde que lo supo el agraviado.

[20] El Art. 1832 del Código Civil de Puerto Rico establece que "[l]os derechos y acciones se extinguen por la prescripción que corre contra todas las personas en los términos provistos por ley". Art. 1832 del Código Civil de Puerto Rico. (31 LPRA sec. 5243). No obstante, desde Ibañez v. Divino, 22 DPR 518 (1915), aclaramos que las disposiciones del Art. 1833 del derogado Código Civil de 1902 (equivalente al hoy Art. 1832 del Código Civil vigente) no eran aplicables a los menores de edad.

(2004); Martínez Soria v. Procuradora Especial de Relaciones de Familia, 151 DPR 41 (2000); Rodríguez Avilés v. Rodríguez Beruff, 117 DPR 616 (1986); De Jesús v. Chardón, 116 DPR 238 (1985); Valentín v E.L.A, 86 DPR 774 (1962); Márquez v. Tribunal Superior, 85 DPR 559 (1962); María Torres v. AFF, 96 DPR 648 (1962); Gómez v. Marques, 81 DPR 721 (1960). Esto, como consecuencia de las disposiciones del Art. 40 del Código de Enjuiciamiento Civil que dispone, en lo pertinente, que "[s]i la persona con derecho a ejercitar una acción,…, fuese al tiempo de nacer la causa de acción menor de edad… el tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción".[21]

De esta manera, surge un conflicto evidente entre varias disposiciones en nuestro ordenamiento.[22] Por un lado, se le reconoce al menor de edad el derecho a conservar su causa de acción hasta tanto tenga la capacidad legal para ejercerla. Por otro lado, se le aparenta exigir que, aun siendo menor de edad, cumpla con un trámite procesal de notificación. En ese escenario,

---

[21] Art. 40 del Código de Enjuiciamiento Civil de 1933. (32 LPRA sec. 254).

[22] Aunque el presente caso no plantea una controversia directa sobre la interrupción de la prescripción que nuestro ordenamiento le reconoce a los menores mientras conserven esa condición, la realidad es que sí tendría una consecuencia práctica sobre la misma. Esto en la medida en que la inobservancia del requisito de notificación previa, conlleve la pérdida del derecho sustantivo del menor a demandar. Nótese que la notificación se estableció como un requisito procesal dirigido a viabilizar la consecución del derecho a demandar que surge una vez el municipio causa daños personales o a la propiedad por su culpa o negligencia, según establecido en la Ley de Municipios Autónomos. En ese sentido, el requerimiento de notificar no tendría razón de ser sin la existencia de tal derecho.

¿qué disposición debe prevalecer? ¿Tiene preeminencia la notificación al municipio sobre el derecho del menor a presentar su causa de acción o debe el menor conservar su derecho a demandar aun cuando sus padres o tutores hayan incumplido?

Precisamente, este Tribunal abordó esta disyuntiva la primera vez que interpretó el requisito de notificación previa al municipio en Mangual v. Tribunal Superior, 88 DPR 491 (1963). En aquella ocasión, los cónyuges Pablo Mangual y Evarista Rivera, por sí y en representación de su hijo menor Nelson, demandaron al Municipio de Coamo por daños físicos ocasionados al menor mientras participaba de una actividad auspiciada por el gobierno municipal. Luego de varios trámites, el Tribunal Superior desestimó la acción de los padres y del menor porque estos no habían cumplido con el requerimiento de notificación previa establecido en ese entonces en el Art. 96 de la derogada Ley Municipal de 1960.[23]

En consideración a la ausencia casi total de un historial legislativo que abundara sobre la intención legislativa referente a la imposición del requisito de notificación, el Tribunal en aquel entonces acudió a interpretaciones adoptadas por los tribunales estadounidenses. Íd., págs. 494-496. Así, se acogió la visión de que el requisito de notificación era de

_____

[23] Art. 96 de la derogada Ley Núm. 142 de 21 de julio de 1960, "Ley Municipal". En lo que respecta a los menores de edad, la redacción del referido artículo era idéntica al hoy vigente Art. 15.003 de la Ley de Municipios Autónomos.

cumplimiento estricto aplicable a todos los reclamantes por igual, independientemente de su capacidad legal. La mayoría pareció apoyar su determinación en que durante el debate legislativo que dio paso al establecimiento de la notificación, uno de los legisladores expresó que él "creía" que los detalles sobre "cómo se incoa, o cuándo se incoa un procedimiento contra un municipio" se trataban de reglas de "carácter sustantivo".[24] Como consecuencia, este Tribunal avaló la desestimación dictada por el Tribunal Superior, incluyendo la causa de acción del menor.

No obstante, tres años posteriores a la resolución de Mangual v. Tribunal Superior, supra, la Asamblea Legislativa enmendó la Ley de Pleitos contra el Estado para incluir el mismo requisito de notificación que ya se había establecido en la legislación municipal, pero esta vez para efectos de las demandas en contra del Estado Libre Asociado.[25] Durante la aprobación de tal enmienda, el

---

[24] Las expresiones específicas utilizadas por el Tribunal en Mangual v. Tribunal Superior, supra, fueron las siguientes:

> SR. SANTALIZ CAPESTANY: La primera es, ¿no cree el compañero que su enmienda lo que hace es incorporar a la Ley Municipal reglas de procedimientos que deben estar contenidas en una legislación aparte? O sea, reglas de procedimientos estableciendo cómo se incoa, o cuándo se incoa un procedimiento contra un municipio.

> SR. APONTE: Si me pregunta a mí, le digo que no. Creo honradamente que no. Son reglas de carácter sustantivo. Diario de Sesiones, 16 de mayo de 1958, vol. 10, tomo 4, pág. 1783. (Citado en Mangual v. Tribunal Superior, supra, en la pág. 497, nota al calce número 6).

[25] Véase Ley Núm. 121 de 24 de junio de 1966, la cual enmendó la Ley Núm. 104 de 29 de junio de 1955, "Ley de Reclamaciones y Demandas contra el Estado". (32 LPRA secs. 3077 – et seq.). Como cuestión de hecho, el requisito de notificación introducido en la Ley de Pleitos contra el Estado por virtud de la Ley Núm. 121, supra, expresamente se hizo "siguiendo el principio de la previa notificación ya establecido

entonces Presidente de la Comisión de lo Jurídico de la Cámara de Representantes, el Sr. Torres Gómez, explicó el efecto que tiene el discutido requisito de notificación sobre los menores. Dado a su pertinencia, y con el fin de continuar la norma de interpretar el requerimiento de notificación establecido en la ley municipal paralelamente al establecido en la ley estatal, procedemos a citar esta parte del debate legislativo en toda su extensión.

> **Sr. Camacho:** Yo quiero saber, a fines de record [sic] y de posible interpretación con respecto a la segunda enmienda, en la página 2, la línea 18, donde se señala la eliminación de la frase, "vendrá obligado a" y sustituirla por "deberán", yo quiero saber cuál es el alcance jurídico que puede tener ese cambio.
> **Sr. Torres Gómez:** Ningún alcance jurídico. El alcance jurídico queda subsistente. Queda subsistente la obligación. Es meramente de lenguaje, la enmienda.
> **Sr. Camacho:** Entonces, otra pregunta, señor Presidente, si se me permite.
> **Sr. Presidente:** Adelante.
> **Sr. Camacho:** Entonces, la situación sería en el caso de un menor de edad o persona sujeta a tutela, que si por la negligencia del que tiene la patria potestad o el tutor, no se ejerce o se ejercita esta obligación que estaríamos creando en ley ahora, ¿el derecho que tiene esta persona que no incurre en negligencia queda destruido?
> **Sr. Torres Gómez:** No, en absoluto. Cuando la acción no es ejercitada por el tutor o el padre con patria potestad, entonces rige el precepto del Código Civil, a los efectos de que el menor

---

en cuando [sic] acciones de igual naturaleza contra los municipios en virtud del Artículo 96 de la Ley Núm. 142 de 21 de julio de 1960, que establece un Sistema de Gobierno Local para los Municipios de Puerto Rico". Informe de la Comisión Judicial de la Cámara de Representantes del 12 de abril de 1966 sobre P. de la C. 492, 5ta Asamblea Legislativa, 2da Sesión Ordinaria, pág. 1. Véase, además, Informe del Senado de Puerto Rico del 19 de mayo de 1966 sobre P. de la C. 492, 5ta Asamblea Legislativa, 2da Sesión Ordinaria, pág. 1.

conserva la acción hasta que cumple 21 años y un año después.

**Sr. Camacho:** Bueno, sí. Pero lo que sucede es lo siguiente. Y entonces quiere decir, vamos a coger un caso hipotético para ver porque creo que ahora con esa contestación estamos aclarando. Ocurre un accidente en que un menor tiene la posibilidad de una causa de acción contra el Estado, el padre no notifica, tal como se requiere en esta enmienda. Por esa razón el padre, en ejercicio de la patria potestad que tiene, no puede, transcurridos los 90 días, digamos a los seis meses, no puede radicar la acción correspondiente. Pero el menor que tiene, cuando ocurre esto, 16 años, aunque el padre no notificó al Estado, puede después de cumplir los 21 ...

**Sr. Torres Gómez:** Y aún antes, Compañero. Porque la letra dice: "Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación dentro del término prescrito a su propia iniciativa si quien ejerce", ¿ve?

**Sr. Camacho:** Sí, sí, pero siga leyendo: "si quien ejerce la patria potestad, custodia o tutela, no lo hiciere".

**Sr. Torres Gómez:** Exacto. Pero en ese caso se entiende que el menor podría hacer la notificación cuando tienen 15 años o 16 pero es reservándose el derecho a demandar dentro del término que fija el derecho.

**Sr. Camacho:** O sea, específicamente: Si el padre o el tutor, o sea, la persona que tenga la patria potestad o el tutor, no ejercen no cumplen con esta obligación, ¿eso en nada impide, no afecta a la causa de acción que tenga ese menor?

**Sr. Torres Gómez:** No le afecta en absoluto. Excepto, recordando, que el menor en ese caso viene obligado a notificar, según esa interpretación...

**Sr. Camacho:** ¿Cuándo?

**Sr. Torres Gómez:** Noventa días después de cumplidos los 21 años. Porque él tiene hasta un año después de cumplir 21 para llevar a cabo la acción; debería cumplir con la notificación para

avisar al Estado y que el Estado se prepare, por lo menos, 90 días después de cumplir los 21 años.

**Sr. Camacho:** Pero, no. ¿Entonces no es 90 días después de cumplir los 21 años, porque la facultad de establecer la causa de acción dura durante el año después de cumplir 21 años?

**Sr. Torres Gómez:** Por eso.

**Sr. Camacho:** O sea, tendría en efecto 90 días técnicamente; tendría 90 días hasta después del año, porque durante ese año él tiene para incoar la causa de acción.

**Sr. Torres Gómez:** Perdone, Compañero. Señor Presidente, con la venia del señor Presidente.

**Sr. Presidente:** Adelante.

**Sr. Torres Gómez:** Como el precepto es que cualquier damnificado, notifique dentro de 90 días después de tener conocimiento del daño, si el menor alcanzó la mayoridad a los 21 años, ahí deben empezarle a contar a él los 90 días para que notifique.

**Sr. Camacho:** ¿Pero eso surge de este Proyecto?

**Sr. Torres Gómez:** No; es interpretación, estamos hablando de interpretación, Compañero.

**Sr. Camacho:** Es interpretación, ¿Y esa es la intención legislativa?

**Sr. Torres Gómez:** Sería esa la intención legislativa.

**Sr. Camacho:** Sería esa la intención legislativa.

**Sr. Presidente:** A la votación de las enmiendas.

**Sr. Reyes Serrano:** Señor Presidente, para una pregunta.

**Sr. Presidente:** Señor representante Reyes Serrano, ¿Acepta la pregunta, señor Torres Gómez? ¿Acepta la pregunta?

**Sr. Torres Gómez:** Cómo no, cómo no.

**Sr. Presidente:** Adelante.

**Sr. Reyes Serrano:** Digo, para una pregunta porque realmente tengo cierta duda en cuanto a si este Proyecto realmente no limita la causa de acción aun en caso de un menor. Es decir, el caso de un menor se exige mediante esta disposición que la persona que tiene la patria potestad haga la notificación, y si no lo hace pues pierde el derecho, me parece a mí.

**Sr. Torres Gómez:** Señor Presidente, le contesto al Compañero.

**Sr. Presidente:** Adelante.

**Sr. Torres Gómez:** Volvemos otra vez al mismo aspecto que planteaba el Compañero Camacho. En primer término, déjeme contestarle: tiene dos áreas la contestación: Número 1.

...

Y el tercer renglón es el que le preocupa al compañero Camacho, el de los menores de edad. Ahí hay también dos áreas. Número 1: la acción por el tutor o la persona que tiene la patria potestad. Si el tutor o la persona que tiene la patria potestad es quien intenta demandar, viene obligado el tutor o el padre con patria potestad a notificar dentro de los 90 días al Secretario de Justicia. Si no lo hiciere el tutor o el padre con patria potestad, no pueden demandar dentro del término de un año. Pero eso no afecta el derecho del menor como menor que, según nuestro derecho civil, tiene derecho a demandar a cualquier persona incluyendo al Estado en daños y perjuicios hasta un año después que cumpla la mayoridad de edad. Porque en ese caso sería el propio menor o la persona sujeta a patria potestad la que tiene que radicar la acción.

**Sr. Reyes Serrano:** Señor Presidente.

**Sr. Presidente:** Señor Representante.

**Sr. Reyes Serrano:** Entonces en el caso de un menor prácticamente no surte efecto la disposición puesto que el menor puede demandar en cualquier tiempo hasta aún después que sea mayor; aun sin notificar.

**Sr. Torres Gómez:** Señor Presidente.

**Sr. Presidente:** Adelante.

**Sr. Torres Gómez:** Le contesto al Compañero que aun el menor cuando cumple la mayoridad vendría obligado a notificar dentro de 90 días después de haber cumplido la mayoridad de edad para poder radicar dentro del año.[26]

---

[26] (Subrayado suplido). Diario de Sesiones, 18 de abril de 1966, vol. 20, Parte 2, págs. 845-846, discusión del P. de la C. 492, eventual Ley Núm. 121 de 24 de junio de 1966.

Según surge del debate transcrito, el requisito de notificación previa no se contempló como un requisito cuyo incumplimiento por parte de los padres o tutores anulara el derecho del menor a demandar. De hecho, ante un planteamiento en la dirección contraria por parte del representante Sr. Reyes Serrano, el representante Torres Gómez aclaró que la inobservancia de la notificación "… no afecta el derecho del menor como menor que, según nuestro derecho civil, tiene derecho a demandar a cualquier persona incluyendo al Estado en daños y perjuicios hasta un año después que cumpla la mayoridad de edad".[27]

Cónsono con ello, en el pasado hemos avalado la continuación de la causa de acción de un menor, aun cuando sus padres o tutores hayan incumplido con el requisito de notificación. Así, por ejemplo, en Pérez Aguirre v. E.L.A., 148 DPR 161 (1999) (Sentencia), determinamos que el requisito de previa notificación al Secretario de Justicia no debía prevalecer frente al derecho sustantivo reconocido por el Art. 40 del Código de Enjuiciamiento Civil, supra. Al respecto, el entonces Juez Asociado señor Rebollo López expresó en su opinión de conformidad lo siguiente:

> El aludido requisito de notificación impuesto al menor, más que oneroso, es irracional. No merece otro adjetivo exigir a un recién nacido que, en casos como el de autos, al cumplir tres (3) meses de nacido, o sea, noventa (90) días, curse una carta al Secretario de Justicia indicándole su intención de reclamar. **Flaco servicio haríamos si permitimos que el requisito de**

---

[27] Íd., pág. 846.

**notificación obstruya el derecho sustantivo del menor a recobrar por unos daños que alegadamente le causó el Estado.** Nuestras expresiones sobre el deber de librarnos "de un automatismo dictado por el calendario... y proveer justicia según lo ameriten las circunstancias" no constituyen pura retórica; una vez más, la conciencia nos impone nuestro deber: hacer justicia.

Hemos expresado que el deber de *parens patriae* del Estado le faculta para tomar medidas encaminadas a proteger al menor, custodiarlo y supervisarlo, facultades que, paralelamente, son compartidas con sus padres, encargados o tutores. Coexistencial con dichas facultades, el Estado, llamado a servir de guardián de nuestros niños, no puede, mediante un mecanismo procesal, despojarlos del derecho sustantivo que —otorgado por el propio Estado— permite la reparación de un agravio. **Ante la omisión de sus padres o encargados, el Estado, en su deber de *parens patriae*, viene obligado a proteger a los menores y no a darle la espalda reafirmando un requisito imposible de cumplir.**

…

**Sería una burla a los derechos que tanto el Código Civil como el Código de Enjuiciamiento Civil le reconocen a los menores si resolviésemos que dichos derechos quedan supeditados al requisito de notificación.** Por un lado, nuestro ordenamiento dispone que el término prescriptivo —derecho sustantivo— no transcurre durante la minoridad; mientras que el requisito de notificación —derecho procesal— le impone el deber a un infante de que notifique su reclamación. Debemos recordar que las reglas y leyes procesales no tienen vida propia, sólo existen para hacer viable la consecución del derecho sustantivo de las partes. Un precepto sustantivo no puede sucumbir ante una disposición procesal. (Énfasis suplido). (Citas omitidas). Íd. (Op. de Conformidad J. Rebollo López, págs. 170-171).

Con este marco legal como norte, procedemos a resolver la controversia particular ante nuestra consideración: ¿Procede la desestimación de la demanda en daños y perjuicios del menor JJDR ante el incumplimiento de la

señora Rivera Serrano de notificar al Municipio sobre su intención de demandar?

## III

En el presente caso no hay controversia sobre el hecho de que la señora Rivera Serrano no notificó al Municipio de Guaynabo su intención de demandar dentro del término de noventa días establecido en el Art. 15.003 de la Ley de Municipios Autónomos. De igual forma, no existe controversia sobre que el menor JJDR – del cual no surge su edad en el expediente– tampoco notificó su interés en demandar por los daños sufridos alegadamente por culpa o negligencia del mencionado municipio.

En ese escenario, el Tribunal de Primera Instancia determinó que no procedía la desestimación de las reclamaciones tanto de la señora Rivera Serrano como las del menor JJDR. No obstante, el Tribunal de Apelaciones modificó este dictamen para desestimar exclusivamente la causa de acción de la madre del menor. Ello, por entender que la negligencia de la señora Rivera Serrano no debe ser imputada al menor. Conforme al derecho expuesto, coincidimos con el criterio formulado por el foro apelativo intermedio. Veamos.

Indudablemente, el Art. 15.003 de la Ley de Municipios Autónomos dispone que toda persona interesada en demandar a un municipio por alegados daños sufridos por un menor de edad por culpa o negligencia de la entidad municipal,

"vendrá obligado" a notificar la reclamación dentro del término prescrito. Asimismo, el artículo establece que esa obligación no se considerará "obstáculo" para que el menor cumpla con ese requisito de notificación, en caso de que su padre o tutor no lo hiciera. Ahora bien, como observamos en la sección que antecede, este requerimiento de notificación impuesto sobre *todo* menor de edad, independientemente de su capacidad legal e incluso física para cumplir, entra en conflicto directo con otras normas firmemente establecidas en nuestro ordenamiento jurídico dirigidas, precisamente, a proteger los intereses de los menores de edad.[28]

Como mencionáramos, de acoger el planteamiento expuesto por el Municipio de Guaynabo y aplicar el requisito de notificación sin mayores consideraciones, esto tendría la consecuencia práctica de que el menor pierda su causa de acción por la negligencia incurrida por su señora madre.[29] Incluso, ello implicaría que el hoy menor de edad no pueda demandar aun cuando cumpla con tal requisito de notificación una vez advenga a la mayoridad de edad. Simple y sencillamente no podemos ser artífices de esa nefasta consecuencia.

Este tribunal tiene el deber de salvaguardar la utilidad del derecho y evitar rigorismos desmedidos que conlleven resultados absurdos. Máxime cuando se trata de

---

[28] Véase sección II, inciso B de la presente Opinión.

[29] Véase nota al calce número 22 de la presente Opinión.

menores de edad con los cuales el Estado tiene un deber ineludible de *parens patriae*. Por lo tanto, ante "…cualquier conflicto que un tribunal perciba entre intereses ajenos y el mejor interés de un menor, se debe resolver a favor del menor". <u>Pena v. Pena</u>, 164 DPR 949, 959 (2005); <u>Ortiz v. Meléndez</u>, 164 DPR 16, 27-28 (2005). Incluso cuando ello conlleve interponer tales intereses por encima de los intereses del propio Estado.

Es por ello que determinamos que el requisito de notificación previa establecido en el Art. 15.003 de la Ley de Municipios Autónomos no debe ser obstáculo para la ventilación de la causa de acción de un menor que alegadamente sufrió daños físicos o a la propiedad como consecuencia de la culpa o negligencia de un municipio. En ese contexto, específicamente resolvemos que la falta de notificación oportuna al Municipio por parte de la señora Rivera Serrano no invalida el derecho del menor JJDR de demandar. Como consecuencia, actuó correctamente el Tribunal de Apelaciones: (1) al ordenar la desestimación de la causa de acción de la señora Rivera Serrano y; (2) devolver el caso al Tribunal de Primera Instancia para la continuación de los procedimientos en cuanto a la causa de acción del menor JJDR.

**IV**

Por los fundamentos que anteceden, confirmamos la determinación del Tribunal de Apelaciones. Como consecuencia, ordenamos la desestimación de la causa de

acción presentada por la señora Rivera Serrano y devolvemos el caso al Tribunal de Primera Instancia para la continuación de la reclamación del menor JJDR en contra del Municipio de Guaynabo.

Se dictará sentencia de conformidad.


                                    Edgardo Rivera García
                                       Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rosa I. Rivera Serrano en
representación del menor JJDR

Recurrida

v.

Municipio Autónomo de Guaynabo;
y/o Policía Municipal Juan D.
Torres Hernández, Ángel M.
García Colón, Compañías
Aseguradoras de Nombre
Desconocido

Peticionarios

*Certiorari*

CC-2012-0836

SENTENCIA

En San Juan, Puerto Rico, a 8 de octubre de 2014.

Por los fundamentos expuestos en la Opinión que antecede, confirmamos la determinación del Tribunal de Apelaciones. Como consecuencia, ordenamos la desestimación de la causa de acción presentada por la Sra. Rosa I. Rivera Serrano y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos en cuanto a la reclamación del menor JJDR en contra del Municipio de Guaynabo.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y la Jueza Asociada Oronoz Rodríguez concurren sin opinión escrita. La Jueza Asociada señora Pabón Charneco no interviene.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo